■ In the Matter of ROSE TOBIAS et al., Respondents, v MARY Jo BANE, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent. [630 NYS2d 785]

—In a proceeding, *inter alia,* pursuant to CPLR article 78 to review so much of determinations of the Commissioner of the New York State Department of Social Services dated November 6, 1992, and December 24, 1992, made after hearings, as found that the petitioners lack standing to seek administrative review of the adequacy of foster care payments that were made on behalf of children who no longer reside with them, the appeal, as limited by the appellant's brief, is from so much of a judgment of the Supreme Court, Suffolk County (Werner, J.), entered November 15, 1993, as granted the petition, annulled so much of the determinations as found that the petitioners lack standing, and remitted the matters for new fair hearings.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the proceeding is dismissed.

The Supreme Court erred in concluding that, pursuant to the zone-of-interest test set forth in *Matter of Walkley v Dairylea Coop.* (38 NY2d 6), the petitioners have standing to seek administrative review of the adequacy of foster care payments that were made on behalf of children who no longer reside with them. The *Dairylea* case addresses the issue of standing to invoke judicial review of an administrative determination and does not apply to this case in which the petitioners are seeking administrative review.

The controlling authority in this case is *Matter of Peninsula Gen. Nursing Home v Sugarman* (44 NY2d 909, *revg on dissenting opn of Lane, J.,* 57 AD2d 268), which establishes that the petitioners, as the providers of foster care rather than the recipients thereof, are not entitled to avail themselves of the fair hearing process. "The crux of the *Peninsula* holding is that administrative review is unavailable to providers whenever they act solely in their own right with the exclusive purpose of vindicating their 'unilateral private financial interest' " *(Matter of St. Francis Hosp. v D'Elia,* 71 AD2d 110, 113-114, *affd* 53 NY2d 825). It is clear that the petitioners in this case are acting in their own right by retroactively seeking additional reimbursement for care provided to foster children who no longer reside in their households.

The petitioners' contention that they have been deprived of their due process rights is without merit. The petitioners' claims are only a " 'unilateral expectation' of a benefit, which is not a property interest protected by procedural due process" *(Matter of Peninsula Gen. Nursing Home v Sugarman,* 57 AD2d, at 280, *supra* [Lane, J., dissenting]).

Similarly, the petitioners' equal-protection contention is

without merit. There is a rational basis for denying the petitioners standing with respect to foster children who no longer reside in their homes, and the denial is free from invidious discrimination *(see, Matter of Bernstein v Toia,* 43 NY2d 437).

The petitioners' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.