■ In the Matter of SHELDON HERTZ, Petitioner, v RICHARD D. HUTTNER et al., Respondents. [633 NYS2d 1003] —Proceeding pursuant to CPLR article 78, *inter alia,* to vacate (1) a judgment of the Supreme Court, Kings County (Huttner, J.), dated June 20, 1995, which held Sheldon Hertz in contempt of court for his failure to report for jury service, and (2) an order of the same court, dated June 27, 1995, which, *inter alia,* directed the Sheriff to arrest Sheldon Hertz and produce him before the court forthwith, and to prohibit enforcement of that judgment and order.

Adjudged that the proceeding is dismissed, without costs or disbursements, as the judgment and order were superseded by order of the Supreme Court, Kings County, dated August 3, 1995. Copertino, J. P., Santucci, Altman and Hart, JJ., concur.

■ In the Matter of RUTH HOLTON et al., Appellants, v BARBARA SABOL, et al., Respondents. [633 NYS2d 513] —In a proceeding pursuant to CPLR article 78 to review determinations of the respondent Commissioner of the New York State Department of Social Services, dated January 27, 1993, and April 19, 1993, made after fair hearings, that the respondent Commissioner of the New York State Department of Social Services lacked jurisdiction to grant the requests of the petitioners Josephine Russo and Ruth Holton, respectively, for retroactive payments on behalf of foster children no longer residing with them, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered December 23, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners, as the providers of foster care rather than the recipients thereof, do not have standing to seek administrative review of the adequacy of foster care payments that were made on behalf of children who no longer reside with them *(see, Matter of Burgess v Sabol,* 218 AD2d 736; *Matter of Tobias v Bane,* 218 AD2d 743). Accordingly, the Supreme Court properly dismissed the petition.

The petitioners' remaining contentions are without merit. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.